# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Rowe,<br><br>       Plaintiff,<br><br>   v.<br><br>United States of America,<br><br>       Defendant. | Case No. 2:25-cv-01331-GMN-DJA<br><br>**Order** |

Pro se Plaintiff Michael Rowe has filed a second application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 6). However, Plaintiff's application is missing certain information, a fact which the Court cannot overlook given Plaintiff's history of providing evasive answers. The Court thus denies Plaintiff's application without prejudice and will give Plaintiff another chance to apply to proceed *in forma pauperis* using the Court's Long Form or to pay the filing fee.

## I.    Discussion.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

(9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff is a frequent litigator in this Court and has applied to pursue his cases *in forma pauperis*.  In reviewing certain of those applications, judges in this district have found Plaintiff to have taken steps to conceal his assets and income. *See Rowe v. Judge Christy Craig, et al.*, No. 2:23-cv-01679-RFB-VCF, ECF No. 2 ("Michael Rowe is a frequent litigator in this court and is familiar with this court's rules…Rowe has paid his filing fees in the past in this court, and I have also previously found that Rowe has taken steps to conceal his assets and income in other cases"); *see Rowe v. Nevada State Board of Dental Examiners, et al.*, No. 2:22-cv-01107-CDS-VCF, ECF No. 4 ("Plaintiff appears to state that he is seeking in forma pauperis status because he did not like the outcome of past litigation—this is not a reason to proceed in forma pauperis.  Plaintiff's frequent litigation that ends in dismissal is [bordering] on vexatious.").  The Court takes judicial notice of these cases and filings when considering Plaintiff's instant *in forma pauperis* application. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that the court may "take judicial notice of court filings and other matters of public record").

One case in particular—*Rowe v. Flincraft, et al.*, No. 2:25-cv-01394-GMN-MDC—leads the Court to believe that Plaintiff is not listing all of his assets in this case.  In the *Flincraft* case, Plaintiff filed an application to proceed *in forma pauperis* on July 31, 2025, about three months

before he filed his application in this case.  The Honorable Magistrate Judge Maximiliano D. Couvillier III denied that application on August 18, 2025, noting in part that Plaintiff "states that he sold four bitcoins to buy food but given the common knowledge that Bitcoins have significant value (which Forbes.com recently valued at over $100,000/per Bitcoin)[1], plaintiff does not provide an accounting of when he sold the bitcoin and how much he received in return." *Flincraft*, No. 2:25-cv-01394-GMN-MDC at ECF No. 5.  Plaintiff filed a renewed application in *Flincraft* on August 20, 2025.  *Id.* at ECF No. 6.  Judge Couvillier also denied that application, pointing out that Plaintiff had left a page blank, claimed to own a Subaru Crosstrek for which he did not account, and failed to provide information regarding his bitcoin.  *Id.* at ECF No. 7.  On February 4, 2026, Plaintiff paid the filing fee in *Flincraft.  Id.* at ECF No. 8.

Here, Plaintiff claims to make between $3,000 and $6,000 per month working for Uber. He claims to have no other income and does not reference any income received from selling Bitcoin in the past twelve months.  This is contrary to his claim on his July 31, 2025, application in *Flincraft* that he sold Bitcoin.  Plaintiff's listed expenses are also confusing.  Plaintiff claims to pay $400 per month for laundry, an amount that appears excessive given Plaintiff's claim to be unable to pay the filing fee.  Plaintiff also claims to pay $500 per month in transportation despite also claiming to drive a car (which Plaintiff claims is in his friend's name), pay for its repairs (totaling $500 per month), and pay the car payment (totaling $230 per month).  So, it is unclear what other form of transportation Plaintiff is spending $500 per month for.  Finally, although Plaintiff's income exceeds his expenses—during some months by as much as $3,280—Plaintiff claims that he cannot pay the filing fee because of defaulted credit cards and money he owes to family.  But Plaintiff does not explain how much he owes or is paying in credit card debt or if he is making payments towards his debt to his family members.

Given Plaintiff's history of filing incomplete or evasive applications, the Court cannot ignore Plaintiff not including potential income from Bitcoin and providing unclear answers

---

[1] That order referenced the following: See https://www.forbes.com/advisor/investing/cryptocurrency/bitcoin-price-today/ (visited 08/18/2025).

regarding his expenses.  The Court therefore cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's Long Form application.  *See Greco v. NYE County Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016) *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016) (explaining that "when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted *and* the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status") (emphasis in original).  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

Specifically, Plaintiff must include any income he received in the past twelve months, including income from the sale of his Bitcoin.  Plaintiff must also explain why he spends $500 per month on transportation despite driving his friend's car.  Plaintiff must explain his $400 per month laundry bill.  Plaintiff must also explain the amount of credit card debt he must pay and whether he is paying anything towards that debt.  Plaintiff must explain whether he has made payments to his family members towards his debts and if so, if he is on a payment plan

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **June 4, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[2]

DATED: May 5, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.